IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHERYL ORAVIC and, | : | No. 3:16cv1273 |
| COLLEEN KIRBY and | : | |
| JOSEPH KIRBY, her husband, | : | (Judge Munley) |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| TARGET CORPORATION, | : | |
| NICHOLAS DURHAM and | : | |
| JOSEPH SIVIK, | : | |
| Defendants | : | |

## MEMORANDUM

Before the court for disposition is this case alleging unlawful employment actions. For the following reasons, we will dismiss the case for lack of jurisdiction.

**Background**

Defendant Target Corporation employed Plaintiffs Cheryl Oravic and Colleen Kirby (hereinafter "plaintiffs") for several years. Defendant Nicholas Durham served as the store manager where plaintiffs worked, and Defendant Joseph Sivik served as the Executive Team Leader of Guest Service. (Doc. 1, Exh. 1, Compl. ¶¶ 5 - 6).

In February 2014, Target terminated the plaintiffs' employment. (Id.

¶¶ 26 - 30).  Plaintiffs subsequently instituted the instant action alleging the following causes of action: gender discrimination; age discrimination; retaliation and loss of consortium.[1]  The discrimination claims are brought pursuant to the Pennsylvania Human Relations Act, not federal law, and the loss of consortium claim is brought pursuant to Pennsylvania common law.

Plaintiffs served Defendant Target with the complaint on June 3, 2016.  (Doc. 1, Notice of Removal ¶ 2).   Evidently, the individual defendants have not yet been served.  (Doc. 21, Pl.'s Status Report).  Defendant Target filed a notice of removal with this court on July1, 2016 asserting this court's diversity jurisdiction.  (Doc. 1, Notice of Removal).

On January 6, 2017, the court ordered Defendant Target to show cause as to why the case should not be remanded for lack of jurisdiction.  (Doc. 16).  Defendant filed its response on January 20, 2017.  (Doc. 19).  Plaintiff filed a status report on service of the individual defendants on January 30, 2017, and Target filed a letter response to the status report on January 31, 2017.  (Doc. 21, Doc. 22).  Having considered these filings, the notice of removal and the original complaint, we find that remand is

---

[1] The loss of consortium claim is brought on behalf of Plaintiff Joseph Kirby, Plaintiff Colleen Kirby's husband.

2

necessary.

**Legal standard**

Federal courts, being courts of limited jurisdiction, have a continuing duty to satisfy themselves of jurisdiction before addressing the merits of a case. <u>Packard v. Provident Nat'l Bank</u>, 994 F.2d 1039, 1049 (3d Cir. 1993). Moreover, federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. <u>Zambelli Fireworks Mfg. Co., Inc. v. Wood</u>, 592 F.3d 412, 418 (3d Cir. 2010) (citation omitted); <u>Shaffer v. GTE North, Inc.</u>, 284 F.3d 500, 502 (3d Cir. 2002).

In the removal context, a district court has the authority–indeed the obligation–to remand a case *sua sponte* for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); <u>see</u> <u>Liberty Mut. Ins. Co. v. Ward Trucking Corp.</u>, 48 F.3d 742, 750 (3d Cir. 1995) ("[Section 1447(c)] allows and indeed compels a district court to address the question of jurisdiction, even if the parties do not raise the issue."). Following Third Circuit law, we strictly construe the removal statutes against removal and resolve all doubts in favor of remand. <u>Steel Valley Auth. v. Union Switch & Signal Div.</u>, 809

F.2d 1006, 1010 (3d Cir. 1987).

**Discussion**

The law provides that a civil action initiated in state court may be removed to federal court by the defendant if the federal court would have had original jurisdiction over the claim.  28 U.S.C. § 1441(a); Johnson v. SmithKlilne Beecham Corp., 724 F.3d 337, 346 (3d Cir. 2013).  "Diversity of citizenship subject matter jurisdiction falls within the original jurisdiction of the district court, pursuant to § 1332(a) of Title 28 of the United States Code, and thus a state court case that implicates diversity jurisdiction may generally be removed, provided that the defendant is not a citizen of the state in which the action is brought, 28 U,.S. C. § 1441(b)(2)."  Johnson, 724 F.3d at 346 (internal citation and quotation marks omitted).

Diversity jurisdiction under § 1332 requires **complete diversity of citizenship**, that is, no plaintiff and defendant may be citizens of one state.  Id.  "Diversity of citizenship must have existed at the time the complaint was filed and at the time of removal and the burden is on the removing party to establish federal jurisdiction."  Id. (internal citations omitted).  And as noted above, we construe the removal statute strictly, and resolve all doubts in favor of remand.  Id.

In the present case, we must determine if Defendant Target has established diversity of citizenship between the plaintiffs and each of the defendants. We find that it has not.

The notice of removal indicates that Defendant Target is a citizen of Minnesota and the plaintiffs are citizens of Pennsylvania. (Doc. 1, ¶¶ 5 - 8). The notice does not mention the citizenship of the individual defendants. Instead of asserting that these defendants have diverse citizenship from the plaintiffs, Defendant Target argues that the individual defendants are not a part of the case anymore. Specifically, the notice of removal states "neither of the individuals has been served with the complaint so they are not proper parties to the lawsuit." (Id. p.2, n.1).

We must, however, look at diversity of jurisdiction/citizenship of the parties **at the time the complaint** is filed as well as at the time of removal. Houston v. T.C. Ry. Co. v. Shirley, 111 U.S. 358, 360-61(1884); Johnson, 724 F.3d at 346. As such, "[t]he propriety of removal . . . depends on whether the case originally could have been filed in federal court." City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (1997). Here, Defendant Target did not meets its burden of establishing that diversity of citizenship existed at the time the complaint was filed and when it was

removed.[2]

Accordingly, we find that removal in this case is inappropriate and we will order the case remanded to the Lackawanna County Court of Common Pleas.[3]

**Conclusion**

For the aforementioned reasons, we find that we lack jurisdiction over the instant action.  The removing defendant has not established that complete diversity existed either at the time of filing the complaint or at the time of removal.  Thus, the case will be remanded to the Court of Common Pleas of Lackawanna County, Pennsylvania.  An appropriate order follows.

**Date: Feb. 8, 2017**                    **s/ James M. Munley**
                                          **Judge James M. Munley**
                                          **UNITED STATES DISTRICT COURT**

---

[2] The only address provided for the individual defendants in the complaint is their business address of Dickson City, Pennsylvania.  (Doc. 1, Exh. 1, Compl. ¶¶ 5 - 6).  Exhibits attached to the plaintiffs' status report on service indicate that Defendant Durham has an address of Weatherly, Pennsylvania, and Defendant Sivak has an address of Lady Lakes, Florida.  (Doc. 21).  Nothing indicates that complete diversity ever existed.

[3] Subsequent to the filing of the notice of removal and the passing of the service deadline, plaintiffs have sought an extension of time to serve the complaint on the individual defendants.  As we find we do not have jurisdiction, we will not rule on the motion.  It is for the state court, not this court, to rule upon the motion.